[S. F. No. 1023. Department Two—August 7, 1899.]

W. H. HAMILTON, Respondent, v. F. M. SMITH, Appellant.

LEASE—ACTION FOR RENT—RECOUPMENT FOR MISREPRESENTATIONS—
EVIDENCE OF DAMAGE—FINDINGS.—In an action for a balance of unpaid rent upon a lease of a house, where recoupment of damages was claimed on account of misrepresentations as to the capacity of the house which induced the defendants to execute the lease, and the only evidence tending to show damage was the payment of a sum for additional rooms, which sum was remitted from the judgment on motion for new trial, they are not injured by erroneous findings of fact on the question of

damages, and cannot claim an additional allowance for the difference in rental value of such a house as it was represented to be, and such as in fact it was, there being no evidence to show such difference beyond the payment made for other rooms.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. F. B. Ogden, Judge.

Under the lease sued upon the lessee was obligated to pay thirty-two dollars per day for the rent of a house on Rosalie Court, Chicago, for the month of May, 1893, and four dollars per day for each room retained thereafter in June. The sum of five hundred dollars was to be paid April 1st, the date of the execution of the lease, and the remaining four hundred and ninety-two dollars for the month of May was to be paid May 15, 1893. The action was for an unpaid balance of rent for May in the sum of four hundred and fifty-seven dollars and eighty-five cents, and for twenty dollars for the use of a piano during that month. The defendant pleaded that, relying wholly upon the statements of the lessors, he was induced to execute the lease by their false and fraudulent representations that the house contained eight bedrooms, besides a parlor, diningroom, and kitchen, whereas it contained four bedrooms only; that the accommodations were insufficient for his family, and he was obliged to secure other apartments; that a house in that locality was worth four dollars per day for each and every bedroom during said term; and that plaintiff had been damaged in the sum of four hundred and seventy-seven dollars and eighty-five cents, for which judgment was asked. Further facts are stated in the opinion of the court.

Chickering, Thomas & Gregory, for Appellant.

The finding against the allegations of the answer is contrary to the evidence. The finding against an intent to defraud the defendant is immaterial. The representations being material and false, were fraudulent as matter of law, without regard to intent. (Civ. Code, sec. 1572, subd. 2; *Bank of Woodland v. Hiatt*, 58 Cal. 234; *Groppengiesser v. Lake*, 103 Cal. 37.) The defendant had the election either to rescind, or to take posses-

sion under the lease, and recoup the damages suffered from the fraud in obtaining the lease in an action for the rent. (*Whitney v. Allaire*, 4 Denio, 554; *Holton v. Noble*, 83 Cal. 7; *Barr v. Kimball*, 43 Neb. 766; 2 Pomeroy's Equity Jurisprudence, sec. 872; *Miller v. Barber*, 66 N. Y. 558; *Foulk v. Eckert*, 61 Ill. 318; *Buena Vista Co. v. Tuohy*, 107 Cal. 243; *Bancroft v. Bancroft*, 110 Cal. 374; Bigelow on Frauds, sec. 184.) The representations need not have been inserted in the lease. (*Newman v. Smith*, 77 Cal. 22.) The judgment should be reversed for want of a finding upon the amount of damage. The measure of damages is the difference between the value of the premises represented and the premises actually occupied. (*Hadley v. Blaxendale*, 9 Ex. 341; *Townsend v. Nickerson Wharf Co.*, 117 Mass. 501; *Trull v. Granger*, 8 N. Y. 115; *Woodhull v. Rosenthal*, 61 N. Y. 394; Taylor on Landlord and Tenant, sec. 177.) The difference in value as shown by the lease and the testimony was four dollars per day for each bedroom lacking.

John C. Hughes, for Respondent.

The representations were not fraudulent in law, the lessors not having had reason to believe them untrue, and not having intended to deceive. (*Hanscom v. Drullard*, 79 Cal. 234; *Davidson v. Jordan*, 47 Cal. 351; *Daley v. Quick*, 99 Cal. 179; *Kountze v. Kennedy*, 147 N. Y. 124; 49 Am. St. Rep. 651; *Nash v. Minnesota etc. Co.*, 159 Mass. 437.) The only measure of damages is the actual pecuniary loss suffered. (*Holten v. Noble*, 83 Cal. 7; *Hanscom v. Drullard*, *supra*.) Defendant has already received credit for more damages than he is justly entitled to under the evidence, and he is entitled to nothing further.

TEMPLE, J.—This action was brought to recover a balance due on a lease. The defense is fraud in procuring the lease. Defendant rented a house from plaintiff's assignors, in Chicago, for one month during the World's Fair. Defendant was a resident of Oakland, where the lease was entered into. He had never seen the house, as the lessors knew, but relied solely upon their representations. They represented that it contained eight bedrooms. Defendant avers that in fact there were but four

bedrooms. He found it difficult or impossible to get other accommodations for his family in Chicago at that time, and so did put up with the house he had rented. Beds were placed in the parlor and diningroom, and, although put to much inconvenience, the house was made to answer his purpose. His lease was in writing, and in it no mention is made of any bedrooms. It is not charged that there was any violation of its terms, but defendant seeks to recoup for damages for the false representations by which he was induced to enter into the contract. The court found that the plaintiff's assignors did represent that there were eight bedrooms, but finds that the representation was not fraudulent. In fact, it was found that there were eight bedrooms, for it is found that all the other allegations of the answer, except as to the representations regarding the number of the bedrooms were untrue. The appeal is from the judgment and from the refusal of a new trial.

Appellant contends, and the contention is well founded, that as to some of the allegations the finding is against the evidence. But if all had been found for the defendant he could not have had judgment allowing a recoupment for more than seventy-five dollars, and as a condition for refusing a new trial plaintiff was required to and did remit that amount from his judgment. This was all the damages he attempted to prove.

He now says he was entitled to the difference in the rental value of such a house as they represented it to be, and such as it in fact was. But, conceding that rule, there was no evidence even tending to show the difference. His inconvenience is not shown to have cost him anything except the seventy-five dollars which he paid for other rooms.

It appears, therefore, that he is not injured by the erroneous findings of fact.

Order and judgment affirmed.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.